IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                               No. CR 05-471 BB

BEN GALLEGOS, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER FOR *IN CAMERA* DISCLOSURE

**THIS MATTER** is before the Court on Defendants' *Joint Motion to Compel Discovery Related to the Interception of Electronic Communications* [doc. 266], and the Court having entertained oral argument on April 12, 2007, and considered all submissions of counsel, re-adopts its oral rulings. With regard to the only issue taken under advisement, following a careful review of the affidavit, the Court concludes the Government should gather all information available to affiant, Special Agent Kendal Johnson, with regard to the credibility and reliability of the SOI referred to in Paragraph 9 and make Agent Johnson available for questioning *in camera* by the Court on or before May 4, 2007. To the extent it is not Moot, Defendants' motion is otherwise Denied.

## *Discussion*

The Court must balance Defendants' right to prepare a defense with the public interest in protecting the safety of confidential informants. *Franks v. Delaware*, 438 U.S. 154 (1978); *McCary v. Illinois*, 386 U.S. 300 (1967). This is generally achieved by a careful judicial scrutiny of Defendants' claims and the underlying documents and affidavits. *United States v. Gordon*, 173 F.3d 761, 767 (10th Cir. 1999); *United States v. Martinez*, 979 F.2d 1424, 1429 (10th Cir. 1992). "The court conducts this balancing in light of the crime charged, possible defenses, and the significance of the informant's testimony." *Id.* citing *United States v. Sinclair*, 109 F.3d 1527 (10th Cir. 1997). The best way to accomplish this is generally through an *in camera* hearing. *See Gaines v. Hess*, 662 F.2d 1364, 1369 (10th Cir. 1981).

In the present case, while it is not presently clear whether the information provided by SOI is critical to a determination of probable cause, it does appear material to the allegation of the Affidavit that Defendants were committing offenses under 18 U.S.C. § 924(i), to wit: causing the death of a person through the use of a firearm during and in relation to a drug trafficking offense. Aff. ¶ 4A(x) p. 4. *See United States v. Schauble*, 647 F.2d 113 (10th Cir. 1981) (difference between "at" and "inside" a target house not material). SOI's motives as relative of Phillip Silva's make his or her testimony subject to scrutiny. *United States v. Phillips*, 727 F.2d 392, 397-8 (5th Cir. 1984) (motive may affect reliability). Since the affidavit is not entirely clear on

2

**corroboration of SOI, this will also be investigated. Finally, defense counsel may propose written questions, if submitted by April 24. These will be considered by the Court and asked, if appropriate. William E. Ringel, <u>Searches and Seizures, Arrests and Confessions</u> § 7:6 (2007).**

## O R D E R

**The Government is ordered to make Special Agent Johnson available for an *In Camera* interview at a convenient time between April 25 and May 4.**

**SO ORDERED this 17th day of April, 2007.**

*[signature: Bruce D. Black]*

**BRUCE D. BLACK**
**United States District Judge**